# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

PRISCELLA SAINTAL BOWMAN,

    Plaintiff,

vs.

NEVADA PAROLE BOARD COMMISSIONERS, *et al*.,

    Defendants.

Case No. 2:21-cv-00300-RFB-VCF

**Order**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1); COMPLAINT (ECF NO. 1-1); AND MOTION TO AMEND (ECF NO. 4)

Before the Court are pro se plaintiff Priscella Saintal Bowman's application to proceed in forma pauperis (ECF No. 1), complaint (ECF No. 1-1), and motion to amend (ECF No. 4). Bowman's in forma pauperis application is granted, her complaint is dismissed without prejudice with leave to amend, and her motion to amend is denied as moot.

## DISCUSSION

Bowman's filings present two questions: (1) whether Bowman may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Bowman's complaint states a plausible claim for relief.

**I.    Whether Bowman May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." "A prisoner seeking to bring a civil action…without prepayment of fees or security therefor…shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Plaintiff is currently incarcerated, and her application includes (1) a trust fund account statement and (2) financial certificate signed by an authorized officer at the Nevada Department of Prisons that states that her average monthly deposits are $50.00. (ECF No. 1 at 5). Plaintiff's application to proceed in forma pauperis is granted.

## II. Whether Bowman's Complaint States a Plausible Claim

### a. Legal Standard

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Federal Rule of Civil Procedure 8(a)(1) also requires that, "[a] pleading that states a claim for relief must contain…a short and plain statement of the grounds for the court's jurisdiction." Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or

2

occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)).  The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Bowman's Complaint

Bowman's handwriting[1] is difficult to read and her claims are difficult to follow. It appears that she brings claims against the Nevada Parole Board and multiple individual defendants for false imprisonment and violating her First, Fifth, and Fourteenth Amendment rights when her parole officers sought revocation of her parole because she violated a condition of her release: to stay away from her husband after a domestic violence incident. (ECF No. 1-1 at 2). Plaintiff alleges that she is Muslim and that having no contact with her husband violated her freedom of religion (First Amendment), Equal Protection/Due Process (Fourteenth Amendment), and qualified as a "taking" (Fifth Amendment). Plaintiff also attached a proposed amended complaint to her motion for leave to amend. (ECF No. 4 and 4-1). The proposed amended complaint appears to be substantively the same, except she adds a claim for "unlawful imprisonment" in violation of the Eighth Amendment and intentional infliction of emotional distress (IIED) due to her imprisonment. (ECF No. 4-1). Plaintiff seeks money damages, a pardon or to

---

[1]In the future the plaintiff should neatly print.

3

be released on parole, and an "injunction" to remove the condition of parole to stay away from her husband. The Court screens both plaintiff's complaint and her proposed amended complaint.

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S*., 781 F.2d 1334, 1338 (9th Cir. 1986). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005). The *Wilkinson* court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id*. at 81-82 (emphasis in original). "The challenge must be brought as a petition for a writ of habeas corpus, not under § 1983, if the challenge would necessarily imply the invalidity of continuing confinement." *Butterfield v. Bail*, 120 F.3d 1023, 1024-1025 (9th Cir. 1997). "This [includes] allegations that parole was improperly denied *on the merits*." *Id.* (emphasis added), citing to *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the validity of his parole revocation" and therefore cognizable only in habeas). Because a "§ 1983 claim necessarily implicates the validity of his continuing confinement, it does not accrue unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of writ of habeas corpus." *Butterfield*, 120 F.3d 1025, citing to *Heck v. Humphrey*, 512 U.S. 477, 488, 114 S. Ct. 2364, 2373 (1994).

Plaintiff brings multiple claims in both her complaint (ECF No. 1-1) and her proposed amended

4

complaint (ECF No. 4-1) pursuant to a § 1983. The plaintiff, however, does not have standing to bring a § 1983 case because her claims challenge the validity of her confinement due to the revocation of her parole after she violated conditions of her parole. Plaintiff asks to be released on parole without the condition that she claims to be unconstitutional. The fact that she also seeks money damages does not alter this conclusion because the damages she seeks would be based upon the harm of having her parole revoked: i.e. her continuing confinement. The plaintiff fails to state a § 1983 claim against the defendants. Plaintiff may raise these allegations in a habeas corpus proceeding.

Although it appears unlikely, it is possible that the deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice with leave to amend. Since the Court has screened both plaintiff's complaint and her proposed amended complaint, and given plaintiff leave to amend, the Court denies plaintiff's motion to amend as moot. If plaintiff files an amended complaint, it must be "complete in and of itself" without reference to her complaint or prior proposed amended complaint. See LR 15-1(a). If, however, plaintiff decides to file a habeas corpus petition, she should file a notice in this case noting that she voluntarily agrees that this case should be dismissed without prejudice. Plaintiff should then file a habeas corpus petition and an informa pauperis application in a new action (meaning she may not file the petition for habeas corpus in this action).

ACCORDINGLY,

IT IS ORDERED that plaintiff Bowman's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Bowman's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Bowman's motion to amend (ECF No. 4) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Bowman has until May 28, 2021 to file either an amended complaint addressing the issues discussed above or a notice of voluntary dismissal without prejudice. Failure to timely file a notice or an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 29th day of April 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

7